UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAUFMAN PAYTON & CHAPA, P.C.,

   Plaintiffs/Counter-Defendants,

Case No. 11-15563

Honorable Denise Page Hood

v.

MICHAEL BILANZICH,

   Defendant/Counter-Plaintiff.

_____/

### ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT, ORDER DENYING MOTION FOR DEFAULT JUDGMENT, ORDER REGARDING MOTION FOR HEARING ON JURISDICTION AND VENUE, AND ORDER SETTING SCHEDULING CONFERENCE

**I. BACKGROUND**

On December 20, 2011, Plaintiff Kaufman, Payton & Chapa, PC ("KP&C") filed the instant action against Defendant Michael Bilanzich ("Bilanzich"). The Complaint alleges a one-count breach of contract agreement against Bilanzich. Pursuant to the Retainer Agreement signed by Bilanzich on April 7, 2011, KP&C was employed to represent him in a suit against Park West Galleries, Inc. for the sale of inauthentic and misrepresented artwork Bilanzich purchased for more than $1,000,000.00. A lawsuit was filed with the Oakland County Circuit Court, which was withdrawn at the request of Bilanzich. The Complaint in this action alleges that during an unknown date, Bilanzich discussed and came to an agreement with Park West Galleries to settle the matter, without KP&C's knowledge. KP&C asserts it is entitled to 33 1/3% of any settlement Bilanzich reached with Park West Galleries pursuant to the Retainer Agreement between KP&C and Bilanzich.

The Clerk entered a default against Bilanzich on February 10, 2012. On February 16, 2012, Bilanzich, proceeding *pro se*[1], filed an "Objection" to the entry of default. Bilanzich also filed a Motion for Hearing on Jurisdiction and Venue which essentially argues that the Court lacks personal jurisdiction over the claims asserted in the Complaint. This matter is now before the Court on KP&C's Motion for Default Judgment and Bilanzich's Motion for Hearing on Jurisdiction and Venue. A hearing was held on the matter.

## II. ENTRY OF DEFAULT

The Court must first address the issue of whether the Clerk's Entry of Default should be set aside prior to addressing the Motion for Default Judgment, in light of Bilanzich's "Objection" to the Clerk's Entry of Default. KP&C did not file any written response to Bilanzich's "Objections."

The entry of default under Fed. R. Civ. P. 55(a) is the first procedural step necessary in obtaining a default judgment. *Shepard Claims Serv., Inc. v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir. 1986). Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b)(2) states that a party must apply to the Court for a default judgment. The Court may conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

Here, an entry of default was entered by the Clerk against Bilanzich on February 10, 2012.

---

[1] Federal courts hold the *pro se* claims to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

The instant Motion for Default Judgment was filed on April 19, 2012. No response was filed by Bilanzich to the motion, but he did file an "Objection" to the Request for Entry of Default, a "Motion for Hearing on Jurisdiction and Venue" and a copy of a letter Bilanzich wrote to the Attorney Grievance Commission indicating he was filing a complaint against Donald Payton, a lawyer with KP&C. The Court granted Bilanzich's Motion to Appear by Telephone as to the Motion for Default Judgment. Bilanzich is a resident of Salt Lake City, Utah. Based on Bilanzich's "Objection" and Motion for Hearing on Jurisdiction and Venue, it appears he is asserting he did not receive the Complaint, that he has no business operation in Michigan or ever lived in Michigan, does not own real property in Michigan and that this Court lacks jurisdiction over Bilanzich.

Rule 55(c) of the Rules of Civil Procedure states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. *Shepard Claims Service,* 796 F.2d at 193. Three factors must be determined to set aside a default under Rule 55(c): 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct of the defendant led to the default. *Id.* at 192. Delay alone is not a sufficient for determining prejudice. *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.,* 815 F.2d 391, 398 (6th Cir. 1987). Likelihood of success is not a measure as to the defense but that if any defense relied upon states a defense good at law, then a meritorious defense has been advanced. *Id.* at 398-99. All three factors must be considered in ruling on a motion to set aside entry of default. *Shepard Claims,* 796 F.2d at 194. However, when the first two factors militate in favor of setting aside the entry of default, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a wilful failure of the moving party to appear and

plead. *Id.*

In a Rule 55(c) motion to set aside entry of default, the "good cause" standard is applied and it is not absolutely necessary that the neglect or oversight be excusable as a reason for the delay. To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings. *Id.* Where a defendant files an entry of appearance and an answer shortly after learning that default had been entered, the delay is not lengthy and there is no pattern of disregard for court orders or rules. The strong policy in favor of deciding cases on the merits outweighed any inconvenience to the court or plaintiff. *Id.* The Sixth Circuit notes that a more lenient standard is applied to Rule 55(c) motion where there has only been an entry of default as opposed to the more stringent standard applied to Rule 60(b) motions where a default judgment has been entered. *Id.* at 193. Since entry of default is just the first procedural step on the road to obtaining a default judgment, the same policy of favoring trials on the merits applies. *Id.*

Regarding the prejudice to the plaintiff factor, any claim of prejudice because of a delay weighs against KP&C. The Clerk's Entry of Default was entered on February 10, 2012. Bilanzich filed his "Objections" to the Request for Clerk's Entry of Default on February 16, 2012. KP&C did not file its Motion for Default Judgment until April 19, 2012. Because Bilanzich objected to the Clerk's Entry of Default within six days of entry, the delay factor weighs against KP&C.

As to the meritorious defense factor, Bilanzich essentially argues he was not properly served and that this Court lacks personal jurisdiction over Bilanzich. The certificate indicates Bilanzich was personally served at the 155 W. Malvern Ave., Salt Lake City, Utah address on December 27, 2011. The Return Receipt from the U.S. Postal indicates that a Michael Bilanzich signed the Return

Receipt. Bilanzich admits he received the Complaint by mail from KP&C, but did not read the Complaint.

Bilanzich argues that he was not served with the Complaint "in person." Bilanzich claims service by mail of a Complaint is not proper, therefore the service by mail was improper. Rule 4(e) provides that an individual may be served by: following the state law for serving a summons in an action; delivering a copy of the summons and complaint to the individually "personally"; leaving a copy of the summons and complaint at the individual's dwelling with someone of suitable age who resides there; or, delivery a copy of each to an agent authorized to receive service of copy. Fed. R. Civ. P. 4(e).

Utah law provides service of the summons and complaint by mail provided the defendant signs a document indicating receipt. Utah R. Civ. P. 4(d)(2)(A). KP&C provided a copy of the United States Postal Office form "return receipt" signed by Bilanzich indicating he received the summons and complaint. Bilanzich was properly served with the Complaint in this matter according to Utah law.

Regarding the personal jurisdiction issue, the test is a determination by the forum court as to whether it is reasonable, due to the non-resident defendant's conduct in connection with the forum state, for the non-resident defendant to anticipate being haled into court in the forum state. *World Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1985). A further inquiry is whether the non-resident defendant purposefully availed itself of the privilege of conducting activities within the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). In order to determine whether minimum contacts exist, the court must focus on the quantity, quality, and nature of the defendant's activities, together with the relationship of those activities and the forum state. *Rush v.*

5

*Savchuk*, 444 U.S. 320 (1980). Based on the above cases, the Sixth Circuit has set forth three criteria that must be met before a court will exercise personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 150 (6th Cir. 1997).

The Retainer Agreement attached to the Complaint shows that Bilanzich signed the agreement. Based on the allegations in the Compliant, the breach of contract may have occurred in Michigan, given that the claims revolve around a lawsuit filed by KP&C on behalf of Bilanzich in the Oakland County Circuit Court and Bilanzich's settlement of the suit without KP&C's involvement, contrary to the Retainer Agreement. Given the allegations that Bilanzich had negotiations with the defendant in the underlying case, and that such defendant is a resident of Michigan, it appears that Bilanzich's acts resulting in the alleged breach of contract are substantial enough connection with Michigan. There are sufficient facts alleged in the Complaint showing that the Court has personal jurisdiction over Bilanzich and that Bilanzich's actions purposefully availed himself to conduct activities in Michigan. Bilanzich should have anticipated being haled into court given his retention of KP&C.

Bilanzich also mentions "venue" in his motion without setting forth any arguments as to why venue is improper in this district. A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). A review of the Complaint establishes that this district is the proper venue as to this breach of contract claim. Bilanzich has not requested a change of venue in his motion under 28 U.S.C. § 1404.

Even if the Court were to construe Bilanzich's motion as a request to change venue to Utah, Bilanzich has not asserted any facts to support the requirements in section 1404, including convenience of the parties and witnesses and in the interest of the justice.

It also appears that Bilanzich is claiming that KP&C misrepresented (in its Complaint) the facts as to the underlying lawsuit. Liberally construing Bilanzich's argument, this may be sufficient to establish a meritorious defense at this time, although Bilanzich does not deny that he signed the Retainer Agreement or that he settled with the defendant in the underlying suit without KP&C's knowledge.

As to whether culpable conduct of Bilanzich led to the default, other than failure to timely file an Answer (he has since filed an Answer on April 27, 2012 and a Counterclaim), Bilanzich filed within a week after the Entry of Default, "Objections" to the Clerk's Entry of Default, in addition to a Motion for Hearing Jurisdiction and Venue.

Weighing the factors above, the Clerk's Entry of Default is set aside. There is no prejudice to KP&C; Bilanzich may have a meritorious defense as to the merits of the Complaint; and Bilanzich filed "Objections" to the Clerk's Entry of Default within a week of the default. KP&C's Motion for Default Judgment is denied as moot, given the that the Clerk's Entry of Default is set aside. Bilanzich's Motion for Hearing Jurisdiction and Venue is granted, the Court having heard oral arguments on the matter, but denied as to the request to dismiss the case, the Court finding that it has personal jurisdiction over the matter and venue is proper in this district.

### III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the CLERK'S ENTRY OF DEFAULT (**Doc. No. 6**) is SET ASIDE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment **(Doc. No. 8)** is DENIED as MOOT.

IT IS FURTHER ORDERED that the Motion for Hearing on Jurisdiction and Venue **(Doc. No. 13)** is GRANTED, the Court having heard oral arguments on the matter, but DENIED as to the requested dismissal of the case.

IT IS FURTHER ORDERED that a Scheduling Conference by telephone is set for **Monday, April 22, 2013, 4:00 p.m. EDT.** Fed. R. Civ. P. Rule 16 and the Local Rule 16.1 govern scheduling conferences. A party proceeding *pro se* is subject to the Federal Rules of Civil Procedure and the Eastern District of Michigan Local Rules (both available at www.mied.uscourts.gov).

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: March 27, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2013, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager