UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KAUFMAN PAYTON & CHAPA, P.C.,**

    **Plaintiff/Counter-Defendant,**

v.

**MICHAEL BILANZICH,**

    **Defendant/Counter-Plaintiff.**

_____/

Case No. 11-15563

Honorable Denise Page Hood

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

### I.  BACKGROUND

On December 20, 2011, Plaintiff Kaufman, Payton & Chapa, PC ("KP&C") filed the instant action against Defendant Michael Bilanzich ("Bilanzich"). The Complaint alleges a one-count breach of contract agreement against Bilanzich. Pursuant to the Retainer Agreement signed by Bilanzich on April 7, 2011, KP&C was employed to represent him in a suit against Park West Galleries, Inc. for the sale of inauthentic and misrepresented artwork Bilanzich purchased for more than $1,000,000.00. A lawsuit was filed with the Oakland County Circuit Court, which was withdrawn at the request of Bilanzich. The Complaint alleges that during an unknown date, Bilanzich discussed and came to an agreement with Park West Galleries to settle the matter, without KP&C's knowledge. KP&C asserts it is entitled to 33 1/3% of any settlement Bilanzich reached with Park West Galleries pursuant to the Retainer Agreement between KP&C and Bilanzich.

Bilanzich filed an Answer to the Complaint and a Counterclaim on April 27, 2012. Bilanzich's Counterclaim alleges malicious prosecution by KP&C and that KP&C knowingly made false and misleading statements as to Bilanzich's retention of counsel and the previous lawsuits.

The Clerk entered a default against Bilanzich on February 10, 2012 as to KP&C's Complaint

against him. Bilanzich opposed the Motion for Default Judgment and filed a Motion for Hearing on Jurisdiction and Venue. After a hearing, the Court entered an order setting aside the Clerk's Entry of Default and denying KP&C's Motion for Default Judgment.

KP&C has now filed a Motion for Judgment on the Pleadings or to Dismiss under Rule 12(b)(1) and 12(b)(6) Bilanzich's Counterclaim. To date, Bilanzich has not filed a response to the motion. A hearing was held on the matter on June 12, 2013.

## II.   ANALYSIS

### A.   Standard of Review

Rule 12(b)(1) of the Rules of Civil Procedure provides dismissal based on lack of subject matter jurisdiction. Under Rule 12(b)(6) motion for failure to state a claim, the issue is not whether a plaintiff will ultimately prevail on a claim, but whether his complaint is sufficient to cross the federal court's threshold to allege a claim. *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). A complaint need not pin a plaintiff's claim for relief to a precise legal theory, but generally requires only a plausible "short and plain" statement of the claim, not an exposition of his legal argument. *Id.* Rule 8(a)(2) provides a pleading states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten

as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).

The court primarily considers the allegations in the complaint, although matters of public record and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

**II.   ANALYSIS**

    **A.   Motion to Dismiss under Rule 12(b)(6)**

KP&C argues first that under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, Bilanzich's Counterclaim for malicious prosecution must be dismissed. As noted above, Bilanzich has no filed a response to date and the time to file a response has passed (if he was served by mail by KP&C when motion was filed with the Court on April 9, 2013).

3

A malicious prosecution claim under Michigan common law has four elements: 1) a defendant has initiated a criminal prosecution against a plaintiff; 2) the criminal proceeding terminated in plaintiff's favor; 3) the private person (defendant) who instituted or maintained the prosecution lacked probable cause for the action; and 4) the action was undertaken with malice or a purpose of instituting the criminal claim other than bringing the offender (plaintiff) to justice. *Walsh v. Taylor,* 263 Mich. App. 618, 632-33 (2004). In a malicious prosecution arising from the institution of civil proceedings, instead of a criminal action, the plaintiff must establish a "special injury," in addition to the other factors noted above. Michigan courts have ruled that there is no "special injury" when a defendant attorney was merely performing his job. *Clan v. O'Jack,* 2012 WL 205833 at *2 (Mich. App. Jan. 24, 2012). "Special injury" is an allegation of interference with person or property. *See Friedman v. Dozorc,* 412 Mich. 1, 33-34 (1981). A loss of reputation must be unusual in nature and cannot be shown by the normal flow of a prior ordinary civil action, such as a malpractice action. *Barnard v. Hartman,* 130 Mich. App. 692, 693-96 (1983).

Liberally construing Bilanzich's Counterclaim, the Court finds he failed to state a *prima facie* malicious prosecution claim. Bilanzich fails to meet the first and second factors since he has not identified any action or lawsuit filed by KP&C against him prior to this action. Bilanzich also failed to assert any "special injury," other than those normally flowing from an ordinary civil action.

Bilanzich seems to assert that KP&C made certain misrepresentations when it brought the instant action against him. In Michigan, actionable fraud consists of the following elements: 1) the defendant made a material representation; 2) the representation was false; 3) when defendant made the representation, the defendant knew that it was false or made it recklessly without knowledge of its truth as a positive assertion; 4) the defendant made the representation with the intention that the

4

plaintiff would act upon it; 5) the plaintiff acted in reliance upon it; and 6) the plaintiff suffered damage. *M&D, Inc. v. McConkey,* 232 Mich. App. 22, 27 (1998). Fraud must be pled with particularity under Rule 9(b) of the Rules of Civil Procedure, including the time, place and content of the alleged misrepresentation on which the plaintiff relied; the fraudulent scheme; the fraudulent intent of defendant; and the injury resulting from the fraud. *Sanderson v. HCA-the Healthcare Co.,* 447 F.3d 873, 877 (6th Cir. 2006).

Liberally construing the Counterclaim, Bilanzich failed to factually support his fraud claim as required under Rule 9(b) of the Rules of Civil Procedure and failed to state a claim under Michigan law for fraud. Bilanzich does not assert the time, place and content of the misrepresentations, other than conclusory allegations that KP&C made false and misleading statements. Bilanzich's Counterclaim for malicious prosecution based on fraudulent misrepresentations by KP&C must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### B. Motion to Dismiss under Rule 12(b)(1)

KP&C alternatively moves to dismiss under Rule 12(b)(1). Motions to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) generally come in two varieties: a facial attack or a factual attack. *Gentek Bldg. Prods. Inc. v. Sherwin-Williams Co.,* 491 F.3d 320, 330 (6th Cir. 2007). A facial attack questions the sufficiency of the pleading and the court must take the allegations in the complaint as true to determine whether they establish a federal claim. *Id.* In a factual attack, there is no presumption of the truthfulness of the allegations and the court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist. *Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990).

KP&C's argument in this section of its brief seems to assert that the Counterclaim should be dismissed because the allegations are implausible and frivolous. KP&C does not argue that the Court lacks "subject matter jurisdiction." Federal question jurisdiction under 28 U.S.C. § 1331 is implicated when the clams arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The Counterclaim does not allege any claims under any federal laws. A civil action based on state law asserting the federal court's subject matter jurisdiction based on diversity of citizenship jurisdiction must allege that the amount in controversy exceeds $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a). Bilanzich's Counterclaim alleges a Michigan malicious prosecution claim. However, Bilanzich does not allege that the amount in controversy exceeds $75,000. Based on the failure to allege the amount in controversy, the Counterclaim could be dismissed for lack of subject matter jurisdiction. However, KP&C did not argue that the Court lacked subject matter jurisdiction under the diversity statute, but only argued that the claims were frivolous, which is not a basis for dismissal under Rule 12(b)(1). Even if the amount of controversy was alleged in the Counterclaim, Bilanzich fails to allege a claim upon which relief may be granted as to his malicious prosecution claim under Rule 12(b)(6) as analyzed above.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Judgment on the Pleadings or to Dismiss the Counterclaim **(Doc. No. 16)** is GRANTED under Rule 12(b)(6).

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 5, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 5, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager