UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KAUFMAN PAYTON & CHAPA, P.C.,**

                Case No. 11-15563

 **Plaintiff,**

                Honorable Denise Page Hood

v.

**MICHAEL BILANZICH,**

 **Defendant.**
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND FINDING DEFENDANT LIABLE TO PLAINTIFF**

**I. BACKGROUND**

On December 20, 2011, Plaintiff Kaufman, Payton & Chapa, PC ("KP&C") filed the instant action against Defendant Michael Bilanzich ("Bilanzich"). The Complaint alleges a one-count breach of contract agreement against Bilanzich. Pursuant to the Retainer Agreement signed by Bilanzich on April 7, 2011, KP&C was employed to represent him in a suit against Park West Galleries, Inc. for the sale of inauthentic and misrepresented artwork Bilanzich purchased for more than $1,000,000.00. A lawsuit was filed with the Oakland County Circuit Court, which was withdrawn at the request of Bilanzich. The Complaint alleges that during an unknown date, Bilanzich discussed and came to an agreement with Park West Galleries to settle the matter, without KP&C's knowledge. KP&C asserts it is entitled

to 33 1/3% of any settlement Bilanzich reached with Park West Galleries pursuant to the Retainer Agreement between KP&C and Bilanzich.

Bilanzich filed an Answer to the Complaint, along with a Counterclaim on April 27, 2012. The Counterclaim was dismissed pursuant to a November 5, 2013 Order entered by the Court on Plaintiff's Motion to Dismiss the Counterclaim. (Doc. No. 26) This matter is before the Court on KP&C's Motion for Summary Judgment on the claim in its Complaint against Bilanzich. A response and reply briefs have been filed.

## II. ANALYSIS

### A. Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is

some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

**B.     Breach of Contract**

KP&C argues that it is entitled to summary judgment against Bilanzich since there is no genuine dispute as to any material fact. KP&C asserts that in both his Answer to the Complaint and answers to Requests for Admissions, Bilanzich admitted all the necessary allegations made by Plaintiff. Bilanzich in his Answer admitted that

he retained KP&C pursuant to a written retainer agreement and that under the agreement, Bilanzich was to receive 33 1/3% of any sums recovered on his behalf, after deducting any cost in the matter. (Motion, Ex. 10) KP&C asserts it served Bilanzich Requests for Admissions, along with Interrogatories on August 12, 2013. KP&C claims that Bilanzich's failure to submit a response means Bilanzich admitted the requests made by KP&C under Rule 36(a)(3) of the Rules of Civil Procedure. When KP&C sought concurrence of Bilanzich as to the instant motion for summary judgment on October 4, 2013, Bilanzich thereafter emailed to KP&C his discovery responses, indicating that he had mailed the responses to KP&C on September 12, 2013. (Motion, Ex. 12) Regardless of when KP&C received the discovery responses, KP&C states that Bilanzich admitted signing the retainer agreement, that he agreed to pay a retainer fee of $1,500 and that he admitted that Bilanzich had settled the dispute without informing KP&C. (Motion, Ex. 13)

In his response to the Motion for Summary Judgment, Bilanzich states that at no time was he negotiating with Park West for his own benefit and that he received no payment from Park West for his own benefit. (Resp./Obj. pp. 1-2) He argues that based on a Postnuptial Agreement and Decree of Divorce, he was not entitled to the assets at issue. (Resp./Obj. pp. 1-2)

A plaintiff must establish the following to state a breach of contract claim: 1)

that the parties entered into a valid enforceable contract that included the terms and conditions claimed by plaintiff; 2) that the defendant breached the contract; and, 3) that the defendant's breach caused a loss to the plaintiff. *Platsis v. E.F. Hutton & Co.*, 642 F.Supp. 1277 (W.D. Mich. 1986); *Pittsburgh Tube Co. v. Tri-Bend, Inc.*, 185 Mich. App. 581 (1990). In Michigan, the paramount goal when interpreting a contract is to give effect to the intent of the contracting parties. *Old Kent Bank v. Sobczak*, 243 Mich. App. 57, 63-64 (2000). The court is to read the agreement as a whole and attempt to apply the plain language of the contract itself. *Id*. If the intent is clear from the language of the contract itself, there is no place for further construction or interpretation of the agreement. *Farm Bureau Mut. Ins. Co. v. Nikkel*, 460 Mich. 558, 566 (1999). A contract provision that is clear and unambiguous must be "taken and understood in [its] plain, ordinary, and popular sense." *Mich. Mut. Ins. Co. v. Dowell*, 204 Mich. App. 81 (1994). Unambiguous contract provisions are not subject to interpretation and must be enforced as written. *Id*.

KP&C has met its burden on its breach of contract claim. Bilanzich admits to entering into the retainer agreement with KP&C. The retainer agreement shows Bilanzich signed the agreement on April 7, 2011, with a witness to the signature. Bilanzich admits in his response to the motion that he, without knowledge of KP&C, negotiated a settlement with Park West. Bilanzich agreed "not to enter into any

settlement unless my attorneys are present and are paid in accordance with this agreement." (Motion, Ex. 1) By failing to notify KP&C as to the settlement with Park West, KP&C has shown that it did not receive the fee KP&C was entitled to under the retainer agreement. Bilanzich's argument that he did not negotiate the settlement for himself and that he received no funds from the settlement does not create a genuine issue of fact that he negotiated a settlement with Park West without KP&C's knowledge and that KP&C was retained to do such and receive a fee for its services. KP&C has met its burden in showing that Bilanzich breached his retainer agreement with KP&C.

### C. Damages

As to damages, KP&C submitted sufficient evidence to support its claim that it is entitled to a 33 1/3% attorney fee in the amount of $82,454.29. KP&C submitted documents to show that the total sum settled between Bilanzich and Park West was in the amount of $247,362.88. Park West sent a correspondence to Bilanzich and his wife indicating that towards the settlement, Park West would pay Bilanzich $180,050.00. (Motion, Ex. 16) Bilanzich indicated to Park West that payment should be made to his wife. In addition to this amount, Bilanzich received bid credits from Park West and KP&C argues that this amount should also be credited to KP&C towards its fee. Park West agreed to give Bilanzich a bid credit for $13,503.75 to

purchase back a Salvadore Dali work of art and a second Dali piece with bid credit of $53,809.13. (Motion, Ex. 15)

Bilanzich responds that he did not receive any of these funds from Park West. Bilanzich claims the funds were given to his wife pursuant to a divorce decree. However, no matter who received the payment, there is no dispute that Bilanzich agreed to settle the matter with Park West in the amounts noted. KP&C has carried its burden that it is entitled to damages in the amount of $82,454.29 (33 1/3% of $247,362.88).

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment (#33, 1/21/2014) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is entitled to damages in the amount of $82,454.29 from Defendant. A judgment will be entered in favor of Plaintiff and against Defendant.

                                      S/Denise Page Hood
                                      Denise Page Hood
                                      United States District Judge

Dated: April 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of

record on April 30, 2014, by electronic and/or ordinary mail.

                                            S/LaShawn R. Saulsberry
                                            Case Manager